MELVIN C. STANDIFER, ADMR., *v.* JAMES MAY, *et al.*

(*Knoxville,* September Term, 1931.)

Opinion filed October 17, 1931.

KENNERLY & KEY, for complainant, appellant.

FOWLER & FOWLER, and T. W. PEACE, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the court.

Complainant having recovered a judgment against defendant May, caused an execution to be issued on December 30, 1930, to the Sheriff of Monroe County, which was returned by the Sheriff, "Nothing to be found in Monroe County in James May name. This Jan. 21-31."

The execution was returnable to the May term, and on June 19th complainant filed his motion in writing for judgment against the Sheriff and his bondsmen for the principal debt and statutory penalty, on the ground of insufficiency of the return. The Chancellor thereupon had entered on the minutes the following order:

"The complainant having this day filed in this cause motion for judgment against W. T. Crowe, Sheriff of Monroe County, Tennessee, and the sureties upon his official bond, upon consideration thereof it is ordered by the Court that notice be issued by the Clerk & Master

of this Court, directed to the Coroner of Monroe County, Tennessee, commanding said Coroner to summon the said W. T. Crowe, Sheriff, and the parties named in said motion, as being the sureties upon his bond, to appear before this Court on the first Monday in July, next, then and there to show cause, if any they may have, why said motion should not be granted."

Thereafter, on July 2nd, the Sheriff filed a motion for leave to amend his return, which motion the Court granted, and permitted the return to be amended so as to show, "Search made and no property of defendant James May to be found in Monroe County." The motion of complainant for judgment was thereupon overruled, and complainant appeals.

The learned Chancellor was in error in permitting the return to be amended by the Sheriff after formal motion had been filed for a summary judgment duly supported by the record, for an insufficient return.

It appears to be well settled by the holdings of this Court that an amendment of a false or insufficient return cannot be made by a Sheriff after the entry of the motion for summary judgment. See cases cited in note 38 under Section 5359 of Shannon's Code, among them *Mullins* v. *Johnson,* 3 Hump., 396; *Broughton* v. *Allen,* 6 Hump., 98, and *King* v. *Breeden,* 2 Cold., 455.

If informal notice of the intended motion be given, the Sheriff may upon motion amend his return, but no notice is required to be given a Sheriff, and if the first step taken is the entry of a motion for judgment *lis pendens* arises, and a motion to amend thereafter made comes too late. See cases cited above and also Shannon's Code 5350.

In the instant case, upon the entry of the motion for a judgment, the Court ordered notice to be given to

the Sheriff and passed the hearing on the motion to a later date. The giving of this notice by order of the Court did not suspend the running of the *lis pendens,* the suit was commenced by the filing of the motion and not by the giving of this notice. *King* v. *Breeden, supra.*

Counsel for the defendant take the position that if notice be given the Sheriff before entry of the motion the return of the officer may be amended, citing authorities supporting this view. And counsel say that the motion entered was considered and treated by the Chancellor as merely a notice of the motion and not the motion itself, and in support of this contention rely on the use of the word "notice" in the order allowing the amendment, the pertinent paragraph reading as follows:

"To the action of the Court in allowing said amendment, the complainant then and there excepted and excepts. By consent, hearing of the notice heretofore filed by complainant for a judgment against said Sheriff and his bondsmen, is passed and re-set for July 11, 1931."

Such a view is wholly inconsistent with the record as a whole. The use of the word "notice" in the paragraph quoted is quite evidently an inadvertence, as it was a motion for judgment, and not a notice of a motion, which was entered by complainant, and this was clearly recognized by the Court in his original order hereinbefore quoted, reading, "The complainants have this day filed in this cause motion for a judgment against W. T. Crowe, Sheriff of Monroe County, Tennessee, and the sureties upon his official bond," etc.

Was the return as originally made insufficient in law? We are constrained to so hold. The language employed is too clearly susceptible to the construction that it is evasive, rather than directly responsive to the process. It is an altogether common practice for parties

to own property in the names of others, and this is particularly true of execution debtors. The language of this return might well be construed as carrying the implication or suggestion that, while the defendant had no property in his own name, he had property in the name of some associate, relative or connection, that the Sheriff knew this to be so, but yet had failed to levy thereon. Many illustrations might be given of the ownership of property subject to execution, and yet not for the time being in the name of the defendant.

Counsel for the defendant call attention to various illustrations of informal and more or less incomplete returns which have been held sufficient, but no illustration is given of the recognition as sufficient of a return so lacking in definiteness as that under consideration. It is altogether possible, as urged by counsel, and as indicated by his amendment, that the action of the Sheriff was inadvertent, but both the Sheriff and the Court are bound by the return which he in fact made.

The case must be reversed and remanded.